## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JASON COOK,                            )
                                       )
             Plaintiff                 )
                                       )
        v.                             )         2:17-cv-00428-JDL
                                       )
MAINEHEALTH, et al.,                   )
                                       )
             Defendants                )


**RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS**

In this action, Plaintiff Jason Cook alleges that his former employers, Defendants MaineHealth and NorDx, violated his rights under the Uniformed Services Employment and Reemployment Rights Act, federal and Maine medical leave law, the Maine Human Rights Act, and the Employee Retirement Income Security Act.

The matter is before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Complaint.  (ECF No. 9.)  Through their motion, Defendants contend that Plaintiff has failed to state an actionable claim under the Maine Human Rights Act (MHRA) against Defendant MaineHealth for events that occurred after the termination of Plaintiff's employment with NorDx; that Plaintiff failed to exhaust any such claim administratively; and that Plaintiff's MHRA claim against Defendant NorDx is barred by the applicable statute of limitation.

Following a review of the pleadings and after consideration of the parties' arguments, I recommend the Court grant in part and deny in part the motion.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of evaluating the pending motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

MaineHealth, a non-profit organization, offers employee benefits to its wholly-owned subsidiaries through what it describes as "eligible employer groups" or "single member organizations." The subsidiaries/benefit groups/organizations include NorDx and Maine Medical Partners (MMP). (Complaint ¶¶ 5, 8, 13.)[1]

Plaintiff worked for NorDx as a Phlebotomist I in a laboratory at the Maine Medical Center (MMC) from May 12, 2014, through July 16, 2015, when his employment was terminated. (*Id.* ¶¶ 6, 26.) Plaintiff then briefly worked for MMP, but MMP terminated Plaintiff's employment in November 2015. (*Id.* ¶¶ 14 – 15.) While Plaintiff was employed by NorDx and MMP, MaineHealth issued Plaintiff's pay. (*Id.* ¶¶ 7, 16.)

Plaintiff alleges that MaineHealth is the "actual employer" of persons who work at NorDx and MMP. (*Id.* ¶ 17.) Alternatively, Plaintiff alleges that MaineHealth, NorDx, MMP, and MMC constitute an "integrated enterprise." (*Id.* ¶ 18.)

NorDx and MaineHealth human resources records reflect that Plaintiff has a disability he acquired while on active duty with the United States Army, prior to his employment with NorDx and MMP. (*Id.* ¶¶ 27 – 34, 36, 42.) Due to his disability, Plaintiff

---

[1] In his complaint, Plaintiff joins MaineHealth and NorDx, but not MMP. Defendants' corporate disclosure statement reflects that NorDx is a member organization of MaineHealth, and that MaineHealth is a Maine non-profit corporation. (ECF No. 8.)

called out of work more than the applicable leave policy allowed. (*Id.* ¶¶ 40 – 41.) According to Plaintiff, Defendants invoked their disciplinary process without engaging in a process to determine Plaintiff's need for an accommodation. (*Id.* ¶¶ 41, 46.) Plaintiff alleges that with this approach, "Defendants treated [him] differently than other disabled employees with medical conditions which were not service related." (*Id.* ¶ 47.)

After co-workers complained to NorDx about Plaintiff's condition at work, Plaintiff explained the nature of his disability and the related medications, and asked to be referred to Employee Health for an evaluation, but NorDx refused his request. (*Id.* ¶ 55.) Subsequently, Plaintiff was offered the opportunity to have his physician complete a form for Employee Health, and to undergo an examination by Employee Health. (*Id.* ¶¶ 60, 62 – 66.) Plaintiff evidently declined the opportunity. (*Id.* ¶¶ 67, 69.)

Plaintiff's physician did provide a letter stating that due to his disability, Plaintiff must be limited to six collections (in his job as a phlebotomist) per hour. (*Id.* ¶ 72.) On April 20, 2015, Plaintiff received a letter stating the interactive process for assessing his request for an accommodation had ended, and that he was able to perform all the essential functions of his job without an accommodation. (*Id.* ¶¶ 74 – 75.)

In May and June 2015, NorDx took additional corrective action toward Plaintiff and/or issued write ups for attendance problems. (*Id.* ¶¶ 78 – 81.) As of June 2015, Plaintiff qualified for leave under state and federal medical leave laws. (*Id.* ¶ 84.) Plaintiff called the medical leave administrator, but NorDx terminated his employment without further process following another absence. (*Id.* ¶ 85.)

Plaintiff applied for a medical assistant position with MMP after the termination of his employment with NorDx. According to Plaintiff, "MaineHealth rehired [Plaintiff] to work at MMP, but fired him in November of 2015 for reasons that demonstrate disability discrimination similar to the allegations set forth above [in the complaint]." (*Id.* ¶ 92.) Additionally, Plaintiff asserts that "MaineHealth, by and through its two divisions MMP and NorDx, knowingly and willfully violated multiple state and federally protected rights of Plaintiff." (*Id.* ¶ 93.)

Plaintiff alleges that Defendants violated the MHRA by failing to accommodate his disability, failing to engage in an interactive process, requiring that he undergo a medical examination, and retaliating against him in response to his request for accommodation and report of disability discrimination. (*Id.* ¶¶ 119 – 121.) Plaintiff contends "MaineHealth subjected Plaintiff to a continuing violation of the MHRA based on disability discrimination, starting with his employment at NorDx and continuing through his employment with and termination from MMP." (*Id.* ¶ 22.)

Plaintiff filed an administrative charge of discrimination with the United States Equal Opportunity Commission. (*Id.* ¶ 20, ECF No. 9-1.) The charge and the notice are both directed to NorDx Labs and asserts a claim of disability discrimination. In the charge, which Plaintiff signed on May 4, 2015, Plaintiff describes events that occurred while Plaintiff was a NorDx employee. (*Id.*)

**DISCUSSION**

**A.      Motion to Dismiss Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted."   In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).  To overcome the motion, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." *Trans–Spec Truck Serv*., *Inc. v. Caterpillar*, *Inc*., 524 F.3d 315, 320 (1st Cir.2008) (quotation marks omitted).  If the factual allegations indicate that the limitation period has expired, dismissal is appropriate unless the allegations otherwise include facts upon which an equitable exception can be predicated. *Id.*

**B.      Failure to State a Claim**

MaineHealth argues that Plaintiff has failed to state an actionable claim of discrimination based on his termination from employment with MMP.  MaineHealth

contends the following allegations, which are the extent of the allegations against MaineHealth, are insufficient to support a claim:

> "MaineHealth rehired [Plaintiff] to work at MMP, but fired him in November of 2015 for reasons that demonstrate disability discrimination similar to the allegations set forth above."

(Motion at 4 (quoting Complaint ¶ 92).)[2]

In *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 – 13 (2002), the Supreme Court held that employment claims are not subject to a heightened pleading standard. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* at 512. Thus, in order to state a claim, "[t]he complaint need do no more than satisfy the basic notice pleading requirements of the Civil Rules." *Pagan v. Calderon*, 448 F.3d 16, 31 (1st Cir. 2006). "A complaint satisfies that standard if it contains 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 5 (1st Cir. 2005) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, Plaintiff need only allege "minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)).

---

[2] Defendants do not challenge at this time the allegation that MMP and MaineHealth are an integrated enterprise, but it notes that they will contest the issue as the case proceeds. (Motion at 4 n.3.)

Plaintiff's complaint can be fairly read to assert that MaineHealth knew of Plaintiff's disability, and that MaineHealth terminated, or directed the termination of, Plaintiff's employment without taking reasonable measures to accommodate the disability, including the failure to engage in the required interactive process, and in retaliation for Plaintiff's request for accommodation and report of disability discrimination. (*Id.* ¶¶ 119 – 121.) Plaintiff, therefore, has satisfied "the basic notice pleading requirements of the Civil Rules." *Pagan*, 448 F.3d at 31.

## C.     Failure to Exhaust

MaineHealth argues that even if Plaintiff has stated an actionable discrimination or retaliation claim based on the termination of his employment with MMP, dismissal is appropriate because Plaintiff failed to exhaust the administrative process regarding the claim. (Motion at 4 – 5.)

A claimant under the MHRA cannot recover attorney fees or penal, compensatory, or punitive damages in a civil action without first filing an administrative complaint with the Maine Human Rights Commission and awaiting certain action by the Commission. 5 M.R.S. § 4622; *Gordan v. Cummings*, 2000 ME 68, ¶ 11, 756 A.2d 942, 944 – 45. Other remedies remain available, however, and Plaintiff has requested other remedies in Count IV.

MaineHealth contends that because Plaintiff asserted his administrative complaint exclusively against NorDx and failed to include any allegations regarding his employment with MMP, Plaintiff has not exhausted any claim against MaineHealth. (Motion at 5.)

Plaintiff maintains that the MMP-related claim arises from the NorDx claim,[3] and that MaineHealth is responsible for both incidents of discrimination.[4] (Response at 5.)

For purposes of the pending motion, MaineHealth has not challenged Plaintiff's contention that MaineHealth forms an integrated enterprise with NorDx and MMP. On the current record, therefore, the Court considers MaineHealth to be the employer with respect to Plaintiff's employment in NorDx and MMP. Plaintiff thus has alleged that MaineHealth terminated his employment with MMP while his administrative complaint was pending, based in whole or in part on the discriminatory animus resulting from Plaintiff's disability discrimination claim against MaineHealth/NorDx.

Courts generally conclude that, where the after-acquired claim is within the scope of the administrative investigation that would reasonably be expected to result from the underlying charge of discrimination, the administrative complaint will suffice to exhaust the after-acquired claim. *Powers v. Grinnell Corp.*, 915 F.2d 34, 38 – 39 (1st Cir. 1990) (collecting cases); *Goodrich v. WellPoint*, *Inc.*, No. 2:14-cv-00037-JDL, 2015 WL 4647907, at *6 (D. Me. Aug. 5, 2015). Similarly, courts have concluded that the failure to name a particular defendant in the administrative complaint will not undermine a later civil claim against that defendant "if there is a clear identity of interest between the named and unnamed defendants." *Burnett v. Ocean Properties Ltd.*, No. 2:16-cv-00359-JAW, 2017

---

[3] Plaintiff observes that he was fired from MMP while his administrative charge was pending. (Response at 5.)

[4] Plaintiff references facts outside the pleadings, in particular, emails demonstrating that a MaineHealth paralegal and MaineHealth attorney defended the administrative claim. The Court need not consider the facts for purposes of a motion to dismiss, and I have not considered the alleged facts in this Recommended Decision.

WL 1331134, at *7 (D. Me. Apr. 11, 2017). The assessment of identity of interest is multi-factored and fact intensive. *Id.* at *7 – 8.

Here, without the development of a factual record regarding MaineHealth's relationship to NorDx or whether MaineHealth and NorDx share an identity of interest, dismissal based on the alleged failure to exhaust administrative remedies is not warranted.

### D. MHRA claim against NorDx

Civil actions under the MHRA must be filed within two years after the act of unlawful discrimination, or within 90 days after certain "occurrences," whichever is later. 5 M.R.S. § 4613(2)(C). Defendants argue that Plaintiff's claim of unlawful termination from employment with NorDx is time-barred because Plaintiff did not file his civil action within two years of his discharge from employment. (Motion at 6 – 7.)

In this case, the relevant periods are either two years from the date of the termination of Plaintiff's employment with NorDx on July 16, 2015, or 90 days from the dismissal of Plaintiff's administrative complaint on March 16, 2017, 5 M.R.S. § 4622(1). The latest possible date on which Plaintiff could file a claim for wrongful termination from NorDx thus would be two years after the date of the termination of his employment: July 16, 2017.

Plaintiff filed this action on October 31, 2017, more than three months after the expiration of the applicable two-year limitation period. Plaintiff, however, argues his claim is not barred because he had "two years from the time when the last act of discrimination occurred," and that the discriminatory events continued to occur during his employment with MMP. More specifically, Plaintiff argues that because he has alleged that MaineHealth engaged in a continuing violation of his rights, the events that occurred while

he was an MMP employee – which acts occurred within two years of the filing of his complaint – "anchor" his NorDx-related claim. Citing this Court's recent decision in *Cutting v. Down E. Orthopedic Assocs.*, *P.A.*, 278 F. Supp. 3d 485, 500 (D. Me. 2017), Plaintiff argues alternatively that the issue should not be decided before the development of a factual record. (Response at 8 – 9.)

First, contrary to Plaintiff's contention, the MHRA limitation period does not reference the "last act of discrimination," but rather requires that an action be filed "not more than … 2 years after the act of unlawful discrimination complained of …." 5 M.R.S. § 4613(2)(C). Additionally, Plaintiff's continuing violation argument is unavailing.

Plaintiff has cited no persuasive authority to support his contention that the continuing violation theory applies to MHRA claims, or that it would apply in this case. Plaintiff's reliance on *Cutting* to suggest the doctrine is applicable or, alternatively, to urge the Court to permit the development of a factual record before addressing the issue is unconvincing.

In *Cutting*, the defendant surgeon performed surgery to repair the plaintiff's rotator cuff, but upon discovering a full tear he did not perform the repair operation because, as alleged, he believed the plaintiff would reinjure her shoulder as a consequence of her disability. *Id.* at 490. The plaintiff alleged that the defendant surgeon discriminated against her based on her disability, in violation of the MHRA. Although the surgery occurred more than two years before the plaintiff filed her complaint, the plaintiff argued that she only learned of the grounds for a discrimination claim when another provider informed her that a shoulder immobilizer could be used following surgery to prevent re-injury. *Id.*

In *Cutting*, the plaintiff argued the statute of limitations was tolled due to the discovery rule and the continuing violation doctrine. The Court determined that before it resolved the plaintiff's argument, it would prefer a fully developed factual record. *Id.* at 500. Given that the case involved allegations of medical negligence, a claim that was potentially subject to the discovery rule, the Court was understandably reluctant to decide without a factual record whether the statute of limitations was tolled.

In this case, the discovery rule has no potential applicability. In addition, as the Court observed in *Cutting*, the Maine Supreme Judicial Court (Law Court) has not yet recognized the continuing violation rule as a method of tolling the limitation clock for claims advanced under the MHRA. *Id.* (citing *McKinnon v. Honeywell Intern. Inc.*, 2009 ME 69, ¶ 14, 977 A.2d 420, 425).

Finally, even if the Law Court adopted the doctrine,[5] the rule would likely be no broader than the version of the rule applied by federal courts in the context of federal claims. The continuing violation rule, as applied in the First Circuit, does not alter the basic understanding that claims that arise from discrete acts of employment discrimination, like termination from employment, accrue on the date of the discrete act. As explained by the First Circuit:

> In narrow circumstances, typically including Title VII and other discrimination claims, the continuing violation doctrine permits a plaintiff to recover for injuries occurring outside of the limitations period. *See Pérez–Sánchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 107 (1st Cir. 2008). As long as a related act falls within the limitations period, the doctrine allows a lawsuit to

---

[5] When federal courts address questions of state law that have not yet been determined in the state courts, the "task is to ascertain the rule the state court would most likely follow under the circumstances." *Blinzler v. Marriott Int'l Inc.*, 81 F.3d 1148, 1151 (1st Cir. 1996).

be delayed in cases—such as hostile work environment claims—in which a course of "repeated conduct" is necessary before "a series of wrongful acts blossoms into an injury on which suit can be brought." *Ayala v. Shinseki*, 780 F.3d 52, 57 (1st Cir. 2015) (internal quotation marks omitted). The doctrine does not apply, however, to allow the late filing of a claim based on a discrete discriminatory act that occurs on a specific day, and thus does not permit a plaintiff "to avoid filing suit so long as some person continues to violate his rights," *Pérez–Sánchez*, 531 F.3d at 107; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In that sense, the doctrine is not truly "about a continuing [violation], but about a cumulative violation." *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008).

*Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 205 (1st Cir. 2015).

Plaintiff's NorDx-related MHRA claim would be based on his employment with NorDx, which ended with the termination of his employment. The termination of his employment is outside the two-year limitation period. Accordingly, dismissal of Plaintiff's MHRA claim based on Plaintiff's employment with NorDx is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny in part and grant in part Defendants' Partial Motion to Dismiss Plaintiff's Complaint. (ECF No. 9.) Specifically, I recommend the Court dismiss Plaintiff's MHRA claim based on Plaintiff's employment with NorDx. I recommend the Court otherwise deny the motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any

request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of April, 2018.