**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JASON COOK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|         v. | )   2:17-cv-00428-JDL |
| | ) |
| MAINEHEALTH, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

Plaintiff Jason Cook alleges that his former employers, Defendants MaineHealth and NorDx ("Defendants"), violated his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C.A. § 4301 *et seq.* (2018); the Federal Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601 *et seq.* (2018); the Maine Family Medical Leave Requirements Law ("MFMLR"), 26 M.R.S.A. § 843 *et seq.* (2018); the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4571 *et seq.* (2018); and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1001 *et seq.* (2018). The Defendants filed a Partial Motion to Dismiss (ECF No. 9), moving to dismiss Count IV of Cook's Complaint which alleges a violation of the MHRA as barred by the statute of limitations and for failing to state a claim upon which relief can be granted.

The United States Magistrate Judge, John C. Nivison, filed his Recommended Decision (ECF No. 17) with the Court on April 17, 2018, pursuant to 28 U.S.C.A. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). The Magistrate Judge recommended dismissing Cook's MHRA claim related to Cook's employment with NorDx as time-

barred. *See* ECF No. 17 at 12. The Magistrate Judge otherwise recommended denying the Motion, concluding that Cook had adequately stated a claim under the MHRA. *See id.* at 5-7. A hearing on the Recommended Decision was held on June 12, 2018.

After reviewing and considering the Magistrate Judge's Recommended Decision, together with the entire record and the attorneys' arguments at the hearing, I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. I concur with and adopt the Magistrate Judge's conclusion that Cook's MHRA claim based on his employment with NorDx is time-barred and should be dismissed. For the reasons explained below, I disagree with the Recommended Decision's conclusion that Cook adequately stated a MHRA claim arising out of Cook's employment with Maine Medical Partners ("MMP").

## I. BACKGROUND

Defendant NorDx and MMP are subsidiaries of Defendant MaineHealth. Cook worked in a laboratory for NorDx from May 2014 to July 2015 when his employment was terminated. After his termination from NorDx, Cook worked for MMP until his termination in November 2015. Cook suffers from a disability he acquired while on active duty with the United States Army, which he asserts caused him to be absent from work beyond what was allowed by the employee leave policy while employed by NorDx. Cook alleges that in disciplining him for violating the leave policy, the Defendants violated the MHRA by failing to accommodate his disability, failing to engage in an interactive process, and requiring that he undergo a medical examination, and also retaliated against him in response to his request for an

accommodation. Cook's allegations against NorDx comprise over fifty paragraphs in the Complaint. *See* ECF No. 1 at ¶¶ 36-90. Cook's substantive allegations against MMP comprise a single paragraph: "MaineHealth rehired Mr. Cook to work at MMP, but fired him in November of 2015 for reasons that demonstrate disability discrimination similar to the allegations set forth above." *Id.* at ¶ 92.

## II. ANALYSIS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks and alterations omitted). In analyzing whether Cook adequately pled a MHRA claim concerning his employment with MMP, the Recommended Decision applied the notice pleading standard that preceded the Supreme Court's landmark decisions in *Twombly* and *Iqbal*. In light of those decisions, while a complaint need not set forth "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "it must nonetheless 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc) (quoting *Iqbal*, 556 U.S. at 678). Applying this standard requires two steps: first, "'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements[,]'" and second, "take the facts of the complaint as true, 'drawing all reasonable inferences in [the plaintiff's] favor, and see if they plausibly narrate a claim for relief.'" *Carrero–Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014) (quoting *Schatz v. Republican State*

3

*Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)). "In evaluating plausibility, particularly in the employment discrimination context, courts should be mindful of the facts the plaintiff is likely to know, versus the facts that are likely out of the plaintiff's reach at the pleading stage." *Brady v. Bath Iron Works Corp.*, No. 2:16-cv-4-NT, 2016 WL 3029948, at *2 (D. Me. May 25, 2016) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002)).

Cook's allegation in the Complaint against MMP—namely, that it "fired him in November of 2015 for reasons that demonstrate disability discrimination similar to the allegations set forth above"—states a legal conclusion. ECF No. 1 at ¶ 92. Apart from this conclusory statement, there are no factual allegations that demonstrate a basis for relief against MMP. Thus, the Complaint fails to set forth sufficient factual matter that narrates a plausible claim for disability discrimination related to his employment by MMP. *See Tambone*, 597 F.3d at 442.

### III. CONCLUSION

It is therefore **ORDERED** that the Recommended Decision (ECF No. 17) of the Magistrate Judge is hereby **ADOPTED IN PART**, with regard to its recommendation that Cook's MHRA claim based on his employment with NorDx be dismissed as time-barred. It is further **ORDERED** that Cook's MHRA claim based on his employment with MMP is dismissed for failure to state a claim. Count IV of the Complaint is therefore **ORDERED** dismissed in its entirety. However, Cook is **GRANTED LEAVE** to amend his complaint within ten (10) days of this Order to adequately plead a MHRA claim based on his employment with MMP.

**SO ORDERED.**

**Dated this 13th day of June, 2018.**

                                                        **/s/ JON D. LEVY**
                                                   **U.S. DISTRICT JUDGE**