UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00428-JDL |
| | ) | |
| MAINEHEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Jason Cook alleges that his former employers, Defendants MaineHealth and NorDx ("Defendants"), violated his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C.A. § 4301 *et seq.* (2018); the Federal Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601 *et seq.* (2018); the Maine Family Medical Leave Requirements Law ("MFMLR"), 26 M.R.S.A. § 843 *et seq.* (2018); the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4571 *et seq.* (2018); and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1001 *et seq.* (2018).

In January 2018, the Defendants filed a Partial Motion to Dismiss (ECF No. 9), moving to dismiss Count IV of Cook's original Complaint, which alleged a violation of the MHRA, as barred by the statute of limitations and for failing to state a claim upon which relief can be granted. In an order issued June 13, 2018 (ECF No. 23), I granted the motion, concluding that Cook's MHRA claim based on his employment with NorDx was time-barred, and that his MHRA claim based on his employment with

Maine Medical Partners ("MMP") failed to state a claim. I also granted Cook leave to amend his complaint. Cook filed a First Amended Complaint (ECF No. 26) on June 24, 2018. The Defendants have filed a Partial Motion to Dismiss the First Amended Complaint (ECF No. 27), moving to dismiss all claims in connection with Cook's employment with MMP.

For the reasons explained below, I grant the Defendants' Partial Motion to Dismiss the First Amended Complaint, dismissing all counts to the extent they arise from Cook's employment with MMP. This results in the complete dismissal of Count IV.

## I. FACTUAL BACKGROUND

Defendant NorDx and MMP are subsidiaries of Defendant MaineHealth. Cook worked in a laboratory for NorDx from May 2014 to July 2015, when his employment was terminated for violating NorDx's employee leave policy. Cook suffers from a disability he sustained while on active duty with the United States Army, which, he asserts, caused him to be absent from work beyond what was allowed by NorDx's employee leave policy. Cook alleges that NorDx disciplined him and then terminated his employment for violating the leave policy. He contends that in so doing, NorDx violated the MHRA by failing to accommodate his disability, failing to engage in an interactive process, and requiring that he undergo a medical examination, and also retaliated against him in response to his request for an accommodation.

In March 2015, Cook applied for a job with MMP. Sometime between July and October 2015, MMP offered Cook a job. During the hiring process, Cook informed MMP that he was a disabled veteran. Before Cook started his new job with MMP,

MaineHealth Employee Health Service conducted a pre-placement evaluation of Cook, which documented his mood disorder, post-traumatic stress disorder, chronic low back pain, chronic foot pain, sleep disorder, and the medications Cook was prescribed. These medical conditions delayed Cook's medical clearance for at least a week.

On October 30, 2015, before he had started the job at MMP, Cook e-mailed his soon-to-be supervisor that he would like to discuss his "history and personal information." ECF No. 26 at ¶ 102. The supervisor responded that she "should not know" any medical or personal history that was not pertinent to his job. *Id.* at ¶ 103. Several days later on November 2, 2015, Cook began working and was provided a sitting/standing work station to assist him.

Shortly after Cook started work, Cook alleges that MMP personnel began to criticize him and take adverse action against him for performance-related issues. On January 22, 2016, a MMP human resource partner wrote to Cook's supervisor: "Per our conversation today, this will verify that Jason Cook has never made you aware that he has a medical condition, or that a medical condition is allegedly impacting his work, or asked for an accommodation for health/medical reasons. Separation of employment will be for performance reasons. Please respond that this is a correct statement." *Id.* at ¶ 111. Cook's supervisor replied that the statement was correct, and MMP terminated Cook's employment. Cook contends, in his First Amended Complaint, that in so doing, MMP treated him differently because he a disabled veteran in violation of USERRA, and violated the MHRA by failing to accommodate his disability and failing to engage in an interactive process.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint need not set forth "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must nonetheless 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Applying this standard requires two steps: first, "'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements[,]'" and second, "take the facts of the complaint as true, 'drawing all reasonable inferences in [the plaintiff's] favor, and see if they plausibly narrate a claim for relief.'" *Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014) (quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)). "In evaluating plausibility, particularly in the employment discrimination context, courts should be mindful of the facts the plaintiff is likely to know, versus the facts that are likely out of the plaintiff's reach at the pleading stage." *Brady v. Bath Iron Works Corp.*, No. 2:16-cv-4-NT, 2016 WL 3029948, at *2 (D. Me. May 25, 2016) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002)).

## III. DISCUSSION

The Defendants argue that Count IV and all other claims arising from Cook's employment with MMP outlined in the First Amended Complaint fail to adequately state a claim arising from Cook's employment with MMP. Cook concedes that Counts II, III, and V do not apply to Cook's employment with MMP. Accordingly, I do not analyze those counts further, and they are dismissed to the extent they concern

4

Cook's employment with MMP. I therefore address whether Cook has adequately stated claims arising from his employment with MMP for (A) disability discrimination under the MHRA (Count IV), and (B) discrimination on the basis of military service in violation of USERRA (Count I).

A.  **Disability Discrimination Under the MHRA**

The Defendants contend that the only direct allegations in the First Amended Complaint relating to disability discrimination by MMP, in violation of the MHRA, are conclusory statements that need not be considered in assessing a motion to dismiss for failure to state a claim. *See Carrero-Ojeda*, 755 F.3d at 717; *see also* ECF No. 26 at ¶¶ 15, 141. The Defendants further argue that the new allegations added to the First Amended Complaint serve only to establish that MMP was aware that Cook had a disability, but do not establish any connection between that disability and his termination. Cook argues, however, that the new allegations show that Cook attempted to discuss his need for accommodations with MMP, ECF No. 26 at ¶¶ 101-02, which constituted an attempt to engage in an interactive process, and that the January 22 e-mail from the MMP human resource partner to Cook's supervisor mentioning Cook's disability, *id.* at ¶ 111, provides a plausible basis from which to infer that Cook's disability was a causal factor in his termination.

"To establish a prima facie case of disability discrimination pursuant to the MHRA, the plaintiff has the burden of establishing the following: first, she suffers from a disability; second, she is otherwise qualified, with or without reasonable accommodations, and is able to perform the essential functions of the job; and third, she was adversely treated by the employer based in whole or in part on her disability."

5

*Taghavidinani v. Riverview Psychiatric Ctr.*, No. 1:16-cv-00208-JDL, 2018 WL 1156287, at *8 (D. Me. Mar. 5, 2018) (quoting *Doyle v. Dep't of Human Servs.*, 824 A.2d 48, 54 (Me. 2003)). "It is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013). "But this does not mean 'that the elements of the prima facie case are irrelevant to a plausibility determination in a discrimination suit. . . . Those elements are part of the background against which a plausibility determination should be made.'" *Germanowski v. Harris*, 854 F.3d 68, 72 (1st Cir. 2017) (quoting *Rodríguez-Reyes*, 711 F.3d at 54).

Here, Cook has not plausibly alleged that his disability was the basis, in whole or in part, for his termination. Disregarding conclusory statements, *see, e.g.*, ECF No. 26 at ¶ 15 ("MMP fired Plaintiff in early 2016 for reasons that reveal disability discrimination in violation of the MHRA."), Cook alleges only that MMP was aware of his disability and that he was terminated for performance-related issues. Cook does not allege (1) what his performance-related issues were or how they were affected by his disability, (2) that he communicated to anyone at MMP that his disability was connected to his performance issues, or (3) that he requested leave or accommodation. Although Cook characterizes his October 30 e-mail to his supervisor seeking to discuss his "history and personal information" as a request for accommodation and an initiation of an interactive process, this request was made before Cook had begun his employment and, therefore, before any performance issues occurred. Cook therefore fails to allege any connection between his disability and his termination. The one alleged communication between the human resource partner

6

and Cook's supervisor seeking confirmation that Cook had not made her aware that his work was being affected by his disability is an insufficient foundation to state a claim for disability discrimination under the MHRA.[1]

To the extent Count IV of the First Amended Complaint alleges discrimination arising from Cook's employment with MMP, it is dismissed. Because I already dismissed Count IV of the original complaint based on Cook's employment with NorDx as time-barred, ECF No. 23 at 4, Count IV is dismissed in its entirety.

## B. Discrimination on the Basis of Military Service in Violation of USERRA

The Defendants argue that there is no allegation in the First Amended Complaint that MMP's termination of Cook's employment was connected to his military service or veteran status. Cook's allegation in the First Amended Complaint—that if he "had a disability that was not connected to military service, [MMP] would not have taken the same adverse actions against him, but instead would have engaged in a genuine interactive process with him and accommodated him, instead of proceeding with corrective actions and termination"—states a legal conclusion. ECF No. 26 at ¶ 119. The remaining relevant allegations in the First Amended Complaint, taken as true with all inferences drawn in Cook's favor, establish only that MMP was aware that Cook is a disabled veteran. There are no allegations that Cook's status as a disabled veteran was a cause of his termination. Thus, the First Amended Complaint fails to set forth sufficient factual matter that

---

[1] The Defendants argue that should Count IV's disability discrimination claim survive on the basis of Cook's employment with MMP, Cook's claims for compensatory damages, punitive damages, and attorneys' fees must be stricken because he never filed an administrative charge of discrimination against MMP or in any way relating to his employment at MMP. Because I conclude that the First Amended Complaint fails to state a claim for disability discrimination, I do not analyze this argument.

narrates a plausible claim for violation of USERRA and Count I is dismissed to the extent it arises from Cook's employment with MMP.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Partial Motion to Dismiss the First Amended Complaint (ECF No. 27) is **GRANTED**. Counts I-V are dismissed to the extent they arise from Cook's employment with Maine Medical Partners. Because Count IV of the original complaint was dismissed as time-barred to the extent it was based on Cook's employment with NorDx by the Order dated June 13, 2018 (ECF No. 23), Count IV is therefore dismissed in its entirety.

**SO ORDERED.**

**Dated this 30th day of August, 2018.**

                                                 **/s/ JON D. LEVY**
                                                **U.S. DISTRICT JUDGE**